CRAVATH, SWAINE & MOORE LLP
Richard W. Clary
Richard Levin
Daniel Slifkin
Michael A. Paskin
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                :
In re:                                                          :   Chapter 11
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                        :   Case No. 08-13555 (JMP)
                                                                :
            Debtors.                                            :   (Jointly Administered)
                                                                :
-----------------------------------------------------------------X
                                                                :
LEHMAN BROTHERS HOLDINGS INC.,                                  :
LEHMAN BROTHERS SPECIAL FINANCING                               :
INC., LEHMAN BROTHERS COMMODITY                                 :
SERVICES INC. and LEHMAN BROTHERS                               :
COMMERCIAL CORP.,                                               :
                                                                :
            Plaintiffs,                                         :
                                                                :
            -against-                                           :   Adv. Proc. No. 13-01676 (JMP)
                                                                :
CREDIT SUISSE, CREDIT SUISSE                                    :   **ANSWER TO ADVERSARY**
INTERNATIONAL, CREDIT SUISSE ENERGY                             :   **COMPLAINT AND OBJECTION**
LLC and CREDIT SUISSE SECURITIES                                :   **TO CLAIMS**
(EUROPE) LTD.,                                                  :
                                                                :
            Defendants.                                         :
                                                                :
-----------------------------------------------------------------X

Defendants (collectively, "Credit Suisse"), by their attorneys Cravath, Swaine & Moore LLP, hereby answer the Adversary Complaint and Objection to Claims (the "Complaint") of Plaintiffs Lehman Brothers Holdings Inc. ("LBHI," and together with its subsidiaries and affiliates, "Lehman"), Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commodity Services Inc. ("LBCS") and Lehman Brothers Commercial Corp. ("LBCC"), and state as follows:

1. Credit Suisse denies the allegations in paragraph 1, except admits that this proceeding purports to reduce, disallow or expunge the Credit Suisse Claims and to recover over $150 million from Credit Suisse.[1]

2. Credit Suisse denies the allegations in the first three sentences of paragraph 2, except admits that certain affiliates of Credit Suisse are dealers in derivative contracts, had tens of thousands of outstanding derivatives transactions with the Lehman Subsidiaries at the time of Lehman's bankruptcy and terminated those transactions on September 15, 2008, following Lehman's bankruptcy. The allegations in the last sentence of paragraph 2 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations.

3. Credit Suisse denies the allegations in paragraph 3.

4. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and refers the Court to the filings in this case for their contents.

---

[1] In addition, defendants deny any and all averments in the headings of the Complaint.

5. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and refers the Court to the filings in this case for their contents.

6. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and refers the Court to the filings in this case for their contents.

7. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and refers the Court to the filings in this case for their contents.

8. Credit Suisse denies the allegations in paragraph 8, except admits that Credit Suisse AG (formerly "Credit Suisse," hereinafter referred to as "CS Zurich") is a global financial services company organized under the laws of Switzerland, and its office is located at Paradeplatz 8, 8070 Zurich, Switzerland.

9. Credit Suisse denies the allegations in paragraph 9, except admits that CS International is a global financial services company organized under the laws of England and regulated by the Prudential Regulation Authority and U.K. Financial Conduct Authority, and that its registered office is located at One Cabot Square, London, E 14 4QJ, United Kingdom.

10. Credit Suisse admits the allegations in paragraph 10. Credit Suisse further states that CS Energy transferred Claim Nos. 22828 and 22815 to Credit Suisse Loan Funding LLC on January 11, 2010, and pursuant to Fed. R. Bankr. P. 3001(e)(2), filed notices reflecting such transfers at Dkt. Nos. 6646 and 6645 of <u>In re Lehman Brothers Holdings, Inc.</u>, Case No. 08-013555 (JPM) (Bankr. S.D.N.Y. Jan. 13, 2010), and no longer holds any Credit Suisse Claims.

11. Credit Suisse denies the allegations in paragraph 11, except admits that CS Europe is a securities dealer organized under the laws of England and regulated by the U.K. Prudential Regulation Authority and U.K. Financial Conduct Authority, and that its registered office is located at One Cabot Square, London, E 14 4QJ, United Kingdom.

12. The allegations in paragraph 12 constitute conclusions of law as to which no response is required; to the extent a response is required, the allegations are denied.

13. The allegations in the first two sentences of paragraph 13 constitute conclusions of law as to which no response is required; to the extent a response is required, the allegations are denied. Credit Suisse admits the allegation in the third sentence of paragraph 13 that this is a core proceeding. In accordance with Local Bankruptcy Rule 7012-1, Credit Suisse further states that it does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

14. The allegations of paragraph 14 constitute conclusions of law as to which no response is required; to the extent a response is required, the allegations are denied.

15. Credit Suisse admits the allegations in paragraph 15.

16. Credit Suisse admits the allegations in the first sentence of paragraph 16. Credit Suisse denies the remaining allegations in paragraph 16 and refers to the Close-out Amount Multilateral Agreement for its contents.

17. Credit Suisse admits the allegations in paragraph 17.

18. Credit Suisse admits that the table in paragraph 18 was correct as of the date each Credit Suisse Claim was filed. Credit Suisse further states that CS Energy transferred Claim Nos. 22828 and 22815 to Credit Suisse Loan Funding LLC on January 11, 2010, and pursuant to Fed. R. Bankr. P. 3001(e)(2), filed notices reflecting such transfers at Dkt. Nos. 6646 and 6645 of <u>In re Lehman Brothers Holdings, Inc.</u>, Case No. 08-013555 (JPM) (Bankr. S.D.N.Y. Jan. 13, 2010). Credit Suisse further states that CS International transferred Claim Nos. 22843 and 22813 to CS Zurich on February 15, 2011, and pursuant to Fed. R. Bankr. P. 3001(e)(2), filed notices reflecting such transfers at Dkt. Nos. 14537 and 14539 of <u>In re Lehman Brothers Holdings, Inc.</u>, Case No. 08-013555 (JPM) (Bankr. S.D.N.Y. Feb. 16, 2011).

19. Credit Suisse admits the allegations in paragraph 19.

20. Credit Suisse denies the allegations in paragraph 20, except admits that the Derivatives Agreements, as amended by the MLA, require the non-defaulting party to calculate the "Close-out Amount" following the termination of the Derivatives Agreements and refers the Court to such agreements for their contents.

21. Credit Suisse denies the allegations in paragraph 21, except admits that paragraph 21 purports to refer to a written document, and refers to that document for its contents.

22. Credit Suisse admits the allegations in paragraph 22.

23. Credit Suisse admits the allegations in paragraph 23.

24. Credit Suisse admits the allegations in paragraph 24.

25. Credit Suisse admits the allegations in paragraph 25.

26. Credit Suisse admits the allegations in the first sentence of paragraph 26. The allegations in the second sentence of paragraph 26 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations.

27. Credit Suisse admits the allegations in paragraph 27.

28. Credit Suisse admits the allegations in paragraph 28 and refers to proofs of claim numbers 22843 and 22813 for their contents.

29. Credit Suisse denies the allegations in paragraph 29.

30. Credit Suisse admits the allegations in paragraph 30.

31. Credit Suisse admits the allegations in paragraph 31 and refers to proofs of claim numbers 22854 and 22852 for their contents.

32. Credit Suisse denies the allegations in paragraph 32.

33. Credit Suisse admits the allegations in paragraph 33.

34. Credit Suisse admits the allegations in paragraph 34 and refers to proofs of claim numbers 22828 and 22815 for their contents.

35. Credit Suisse denies the allegations in paragraph 35.

36. Credit Suisse admits the allegations in paragraph 36.

37. Credit Suisse admits the allegations in paragraph 37 and refers to proofs of claim numbers 22853 and 22841 for their contents.

38. Credit Suisse denies the allegations in paragraph 38.

39. Credit Suisse admits the allegations in paragraph 39.

40. Credit Suisse admits the allegations in paragraph 40 and refers to proofs of claim numbers 22856 and 22848 for their contents.

41. Credit Suisse denies the allegations in paragraph 41.

42. Credit Suisse admits the allegations in paragraph 42.

43. Credit Suisse admits the allegations in paragraph 43 and refers to proofs of claim numbers 22849 and 22847 for their contents.

44. Credit Suisse denies the allegations in paragraph 44.

45. Credit Suisse admits the allegations in paragraph 45.

46. Credit Suisse admits the allegations in paragraph 46 and refers to proofs of claim numbers 22842 and 22812 for their contents.

47. Credit Suisse denies the allegations in paragraph 47.

48. Credit Suisse admits the allegations in paragraph 48.

49. Credit Suisse admits the allegations in paragraph 49 and refers to proofs of claim numbers 22821 and 22820 for their contents.

50. Credit Suisse denies the allegations in paragraph 50.

51. Credit Suisse admits the allegations in the first sentence of paragraph 51. Credit Suisse denies the remaining allegations in paragraph 51.

52. Credit Suisse denies the allegations in paragraph 52, except admits that Lehman has informally requested certain information from Credit Suisse subsequent to October 2009, and further states that Credit Suisse has provided certain information to Lehman in response to such requests.

53. Credit Suisse denies the allegations in paragraph 53, except admits that paragraph 53 purports to refer to correspondence between counsel for Credit Suisse and counsel for Lehman, and refers to that correspondence for its contents.

54. Credit Suisse denies the allegations in paragraph 54.

55. Credit Suisse admits the allegations in the first sentence of paragraph 55. Credit Suisse states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55; to the extent a response is required, Credit Suisse denies the allegations.

56. Credit Suisse denies the allegations in paragraph 56.

57. The allegations in paragraph 57 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations and refers the Court to the referenced documents for their contents.

58. The allegations in paragraph 58 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations.

59. The allegations in the first sentence of paragraph 59 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations. Credit Suisse denies the remaining allegations in paragraph 59.

60. The allegations in paragraph 60 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations.

61. The allegations in paragraph 61 constitute conclusions of law as to which no response is required; to the extent a response is required, Credit Suisse denies the allegations.

62. Credit Suisse denies the allegations in paragraph 62.

63. Credit Suisse denies the allegations in paragraph 63.

64. Credit Suisse denies the allegations in paragraph 64.

65. Credit Suisse denies the allegations in paragraph 65.

66. Credit Suisse repeats and realleges its responses to the foregoing paragraphs with the same force and effect as if fully restated herein.

67. Credit Suisse denies the allegations in paragraph 67.

68. Credit Suisse denies the allegations in paragraph 68.

69. Credit Suisse repeats and realleges its responses to the foregoing paragraphs with the same force and effect as if fully restated herein.

70. Credit Suisse denies the allegations in paragraph 70.

71. Credit Suisse denies the allegations in paragraph 71.

72. Credit Suisse denies the allegations in paragraph 72, except admits that, as the non-defaulting party under the LBSF-CS International Agreement, Credit Suisse calculated the net amount owed upon early termination of the parties' derivatives transactions, admits that Credit Suisse submitted claims in the amount of $932,898,750, and refers the Court to the LBSF-CS International Agreement and proofs of claim numbers 22843 and 22813 for their contents. Credit Suisse further states that CS International calculated the amount owed under the LBSF-CS International Agreement in good faith using commercially reasonable procedures to produce commercially reasonable results consistent with the Master Agreements and governing law.

235. Credit Suisse denies the allegations in paragraph 235 [sic].

73. Credit Suisse repeats and realleges its responses to the foregoing paragraphs with the same force and effect as if fully restated herein.

74. Credit Suisse denies the allegations in paragraph 74.

75. Credit Suisse denies the allegations in paragraph 75.

76. Credit Suisse denies the allegations in paragraph 76, except admits that, as the non-defaulting party under the LBCS-CS International Agreement, Credit Suisse calculated the net amount owed upon early termination of the parties' derivatives transactions, admits that Credit Suisse submitted claims in the amount of $219,534, and refers the Court to the LBCS-CS

International Agreement and proofs of claim numbers 22828 and 22815 for their contents. Credit Suisse further states that CS International calculated the amount owed under the LBCS-CS International Agreement in good faith using commercially reasonable procedures to produce commercially reasonable results consistent with the Master Agreements and governing law.

77.    Credit Suisse denies the allegations in paragraph 77.

78.    Credit Suisse repeats and realleges its responses to the foregoing paragraphs with the same force and effect as if fully restated herein.

79.    Credit Suisse denies the allegations in paragraph 79.

80.    Credit Suisse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80; to the extent a response is required, Credit Suisse denies the allegations.

81.    Credit Suisse denies the allegations in paragraph 81.

WHEREFORE, Credit Suisse requests judgment as follows: (1) entering judgment in favor of Credit Suisse against Plaintiffs and dismissing the Complaint with prejudice; (2) awarding Credit Suisse the costs of defending this action, including attorneys' fees and expenses; and (3) granting such other and further relief as the Court deems just and proper.

Dated:   January 27, 2014
         New York, New York

                                    CRAVATH, SWAINE & MOORE LLP,

                                    by  /s/ Michael A. Paskin
                                            Richard W. Clary
                                            Richard Levin
                                            Daniel Slifkin
                                            Michael A. Paskin
                                            Members of the Firm

                                    Attorneys for Defendants
                                        Worldwide Plaza
                                        825 Eighth Avenue
                                        New York, NY 10019
                                        (212) 474-1000