UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
                                                              :
In re:                                                        :   Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :   Case No. 08-13555 (SCC)
                                                              :
                            Debtors.                          :   (Jointly Administered)
                                                              :
-------------------------------------------------------------X
                                                              :
LEHMAN BROTHERS HOLDINGS INC.,                                :
LEHMAN BROTHERS SPECIAL FINANCING                             :
INC., LEHMAN BROTHERS COMMODITY                               :
SERVICES INC. and LEHMAN BROTHERS                             :
COMMERCIAL CORP.,                                             :
                                                              :
                            Plaintiffs,                       :
                                                              :
              -against-                                       :   Adv. Proc. No. 13-01676 (SCC)
                                                              :
CREDIT SUISSE, CREDIT SUISSE                                  :
INTERNATIONAL, CREDIT SUISSE ENERGY                           :
LLC and CREDIT SUISSE SECURITIES                              :
(EUROPE) LTD.,                                                :
                                                              :
                            Defendants.                       :
                                                              :
-------------------------------------------------------------X
```

## SCHEDULING ORDER AND DISCOVERY PLAN

Plaintiffs Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc., Lehman Brothers Commercial Corp. and Lehman Brothers Holdings Inc. (collectively, "Lehman"), having filed an adversary complaint and claims objection against Credit Suisse, Credit Suisse International, Credit Suisse Energy LLC and Credit Suisse Securities (Europe) Ltd. (collectively, "Credit Suisse"; together with Lehman, the "Parties") on November 6, 2013 (the "Complaint"), and the Parties having reached agreement on the terms of this

Scheduling Order and Discovery Plan, the Court hereby adopts the following schedule and discovery plan.

    **1.**    **Scheduling for Pleading Motions and Responses**

    a.    Credit Suisse shall respond to the Complaint on or before January 27, 2014.

    b.    If Credit Suisse responds to all or part of the Complaint with a motion in lieu of an answer (a "<u>Pleading Motion</u>"), then Credit Suisse's time to answer any and all parts of the Complaint shall be extended for a period ending on the date 30 calendar days after the Court's issuance of an order determining the Pleading Motion.

    c.    Lehman shall file its opposition to any Pleading Motion on or before March 24, 2014.

    d.    Credit Suisse shall file its reply in further support of any Pleading Motion on or before April 21, 2014.

    **2.**    **Discovery Schedule**

    a.    **Fact Discovery**

        i.    The Parties may serve document requests from January 31, 2014 through June 27, 2014.

        ii.    Document discovery shall be substantially completed on or before November 17, 2014, with documents produced on a rolling basis.

        iii.    Privilege logs shall be served within 30 days of the production from which the logged documents have been excluded, and the logging of privileged documents shall be substantially completed on or before December 15, 2014.

        iv.    No depositions shall be taken before September 15, 2014.

    v.  All fact discovery, including depositions but not including requests for admissions, shall be completed on or before April 17, 2015.

    vi.  Requests for admissions shall be served on or before September 14, 2015. No response to any request for admission shall be required of any Party until October 13, 2015.

    vii.  Discovery from third parties shall be completed on the same schedule as Party discovery.

  b. **Expert Discovery**

    i.  The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) (made applicable to this matter pursuant to Fed. R. Bankr. P. 7026) on any issue(s) as to which that Party bears the burden of proof no later than June 15, 2015.

    ii.  Any Party's expert report intended to rebut any other expert report shall be served no later than July 13, 2015.

    iii.  All expert depositions shall be completed on or before August 17, 2015.

  c. **Dispositive Motions**

    i.  Any dispositive motions shall be filed and served on or before November 9, 2015.

    ii.  Oppositions to any dispositive motions shall be filed on or before December 7, 2015.

    iii.  Reply briefs in further support of any dispositive motions shall be filed on or before January 11, 2016.

    d.    **Modification of Schedule**

        i.    The fact and expert discovery schedule (including with respect to Requests for Admission) may be modified without leave of Court by agreement of the Parties.

        ii.    The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

**3.**    **Discovery**

    a.    **Applicable Rules.**  All discovery in the above-captioned action shall proceed in accordance with applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and applicable local and chamber rules, except as otherwise ordered by the Court or as specified herein.

    b.    **Initial Disclosures.**  No Party is required to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

    c.    **Depositions.**  The limit of 10 depositions per side without leave of Court imposed by Fed. R. Civ. P. 30(a)(2)(A)(i) shall not apply in the above-captioned action.

    d.    **Document Production and E-Discovery.**

        i.    **Search Terms and Custodians.**

        (1)    **Search Terms.**  The Parties shall meet and confer and agree on search terms to be employed in searching for and collecting responsive documents before any such search terms are used.  Each Party shall disclose the custodians whose files it has searched for responsive documents.  The Parties shall meet and confer and make their best good faith efforts to agree on search terms and custodians whose files shall be searched.

        (2)    **Electronic Searches.**  Each Party shall search the e-mail files and other electronic documents of each of its designated custodians for all e-mails and other

electronic documents satisfying the designated search terms. With regard to electronic documents other than emails, each Party shall search for responsive documents in (i) the files of the designated custodians that are reasonably accessible by the Party and (ii) the general shared files of departments, divisions or business units in which any designated custodian is or was a member that are reasonably believed to hold potentially responsive documents and are reasonably accessible by the Party, and which shall be identified by the Party.

(3) **Supplementation of Search Terms.** If a Party is or becomes aware that it has potentially responsive documents in its possession, custody or control which would not otherwise be produced and which (i) employ terms equivalent in meaning (such as synonyms, misspellings, idioms, code words or non-English terms) to previously agreed-upon search terms, and (ii) would satisfy previously agreed-upon search terms if such equivalent terms were included in the search, then such Party must promptly disclose that fact and meet and confer with opposing counsel to discuss appropriate means to identify, review and produce such responsive documents.

ii. **Form of Production.**

(1) **Emails.** E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT). Metadata fields included with the load file should be provided in accordance with Appendix A. E-mail attachments shall be handled according to the provisions in the immediately following paragraph below regarding non-email electronic documents and shall not be separated from the emails to which they are attached. Native files for all e-mails shall be maintained, and such files shall be produced if the receiving Party can demonstrate a reasonable need for such native files.

(2) **Non-email Electronic Documents.** Word and other electronic documents, except for Excel or other spreadsheet files, shall be produced as single-page TIFF images with accompanying full text and load file (DAT). The text file shall be named after the beginning bates number of the document, with extension ".txt". Metadata fields included with the load file should be provided in accordance with Appendix A. Excel or other spreadsheet files shall be produced in native file format, along with a single-page TIFF placeholder, but if the redaction of such Excel or other spreadsheet file reasonably necessitates production in TIFF format, then such file shall be produced as single-page TIFF images with accompanying full text and load file (DAT). Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving Party can demonstrate a reasonable need for such native files.

(3) **Hard Copy Documents.** Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT). Metadata fields included with the load file should be provided in accordance with Appendix A.

(4) **TIFF Images.** Any TIFF images produced by the Parties shall consist of single-page, black and white, 300dpi group IV TIFF images with extension ".tif". TIFF images may not be compressed using JPEG compression. Metadata shall be provided in a delimited file with a ".dat" file extension and the following delimiters: record delimiter (ASCII 10 followed by ASCII 13); field delimiter (ASCII 20); multi-value delimiter (ASCII 59); and text qualifier (ASCII 254). The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each document.

(5) **Load/Cross Reference Files.** Along with its productions, each Party shall provide either an lPRO (.lfp) or Opticon (.opt) single-page image load/cross reference file. Image file names should contain the bates number information of the image.

(6) **Electronic Data Productions.** Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or physically transported using electronic storage media such as flash memory devices, CDs, DVDs or hard drives. Any physical media label should contain the case name and number, production date and applicable bates range. Each Party may encrypt any data produced using standard encryption software.

e. **Inadvertently Produced Material.** In accordance with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b), any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege and the work product doctrine, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing Party or destroyed within five calendar days of such notice. In addition, within fifteen calendar days of such notice, the producing Party shall serve a privilege log for the document(s). The producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the producing Party agrees or a motion to compel is granted by the Court.

f. **Confidentiality.** Each document produced shall include a confidentiality label designating it consistent with the terms of any confidentiality stipulation agreed upon by the Parties.

g. **Cost of Production.** The Parties shall bear the costs associated with their own productions.

Dated: January 22, 2014
New York, New York

| JONES DAY | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| By: */s/ Jayant W. Tambe* | By: */s/ Michael A. Paskin* |
| Jayant W. Tambe | Richard W. Clary |
| Laura Washington Sawyer | Richard Levin |
| Benjamin Rosenblum | Daniel Slifkin |
| Patrick J. Smith | Michael A. Paskin |
| 222 East 41st Street | Worldwide Plaza |
| New York, New York 10017 | 825 Eighth Avenue |
| Telephone: (212) 326-3939 | New York, New York 10019 |
|  | Telephone: (212) 474-1000 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**IT IS SO-ORDERED:**
February 19, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**APPENDIX A**

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| Email | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title held value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date o f the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension of other description of native file type. |
| Filename | Original filename of native file.  Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-hit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |